■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES L. HARRIS, Appellant.—Order unanimously affirmed. Memorandum: Defendant appeals from an order which denied his CPL article 440 motion to vacate his 1981 conviction for first degree assault and third degree criminal possession of a weapon. Defendant contends that the court erred in denying his motion without a hearing.

Defendant's first contention in support of his motion was that prosecution witness Jerry May testified falsely under duress in denying that his testimony was given in exchange for a promise of favorable treatment. That argument is with-

out merit. There is no evidence to support that contention and it is contradicted by the trial record. Defendant also argues that the statement of Deborah Fuller shows that prosecution witnesses testified falsely in stating that Officer Russi, rather than Officer Ransford, shot defendant. He argues further that his trial counsel was ineffective in failing to present Fuller's testimony. Fuller's statement does not indicate that Ransford shot defendant and thus is not inconsistent with the trial testimony. Moreover, even if Fuller's statement contradicted the testimony, the contradiction would bear on an immaterial issue. Because the evidence indisputedly established that defendant shot Russi before defendant was shot, the question of who shot defendant is irrelevant. Similarly, because Fuller's testimony would have been neither material nor exculpatory, trial counsel was not deficient in failing to present it.

Applying the statutory criteria in CPL 440.30 (4), we conclude that the court did not err in denying defendant's motion without a hearing. (Appeal from order of Supreme Court, Erie County, Marshall, J.—CPL art 440.) Present—Callahan, J. P., Denman, Green, Balio and Lowery, JJ.